IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Eric Archie, | : | |
| Petitioner | : | Civil Action 2:12-cv-0052 |
| v. | : | Judge Frost |
| Norm Robinson, Warden | : | Magistrate Judge Abel |
| Respondent | : | |

## Report and Recommendation

Petitioner Eric Archie, a prisoner at the Chillicothe Correctional Institution, brings this action for writ of habeas corpus under 28 U.S.C. §2254.  This matter is before the Magistrate Judge for preliminary consideration under Rule 4, Rules Governing Section 2254 Cases in United States District Courts.

The petition alleges that on May 29, 2002, petitioner Archie was convicted of attempted murder with a firearms specification in the Court of Common Pleas for Franklin County, Ohio.  On July 9, 2002, he was sentenced to a of 11 years in prison.

Petitioner did not appeal either the conviction or the sentence. However, the petition alleges that in 2007 petitioner filed a notice of delayed appeal.  During 2007, both the Ohio Court of Appeals for the Tenth Appellate District and the Supreme Court of Ohio denied his motion for leave to appeal.

Petitioner alleges that he is in custody in violation of the United States Constitution because the State did not follow the correct procedure in securing his re-indictment on the charge to which he later pled guilty.

The petition for writ of habeas corpus herein was filed January 17, 2012. Under the provisions of 28 U.S.C. §2244(d)(1), there is a one-year period of limitation for persons filing a federal petition for writ of habeas corpus. The limitation period begins to run from the date the judgment became final by the conclusion of direct review. 28 U.S.C. §2244(d)(1)(A). The judgment of petitioner's conviction was filed in July 2002. A defendant must file a notice of appeal "within thirty days of later of entry of the judgment or order appealed...." Rule 4(A), Ohio R. App. P. Consequently, petitioner's judgment of conviction became final no later than August 31, 2002; and this federal habeas corpus petition is barred by the one-year statute of limitations. 28 U.S.C. § 2254(d)(1).

Petitioner argues that he did not discover the procedural irregularity until recently. That does not affect the running of limitations. If there was an irregularity in the procedure used to re-indict petitioner, he should have raised the objection then. The fact that he personally may have been unaware of the irregularity is irrelevant. He was represented by counsel, whose job it was to determine whether there were any defenses to the indictment.

Accordingly, the Magistrate Judge RECOMMENDS that this action be DISMISSED for failure to file the petition within the one-year period of limitation created by 28 U.S.C. §2244(d)(1).

If any party objects to this Report and Recommendation, that party may, within fourten (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail or email a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street 16th Floor, 43215.

s/Mark R. Abel<br>
United States Magistrate Judge